IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BECKWITH ELECTRIC CO., INC.; and
THOMAS R. BECKWITH,

Civil Action No. 8:16-cv-01944

      Plaintiffs,

  v.

SYLVIA BURWELL, Secretary of the
United States Department of Health and Human
Services; UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES; THOMAS
E. PEREZ, Secretary of the United States
Department of Labor; UNITED STATES
DEPARTMENT OF LABOR; JACK LEW,
Secretary of the United States Department of the
Treasury; and UNITED STATES DEPARTMENT
OF THE TREASURY,

      Defendants.

_____/

## PLAINTIFFS' UNOPPOSED MOTION FOR A PRELIMINARY INJUNCTION AND A STAY OF THE PROCEEDINGS

Plaintiffs BECKWITH ELECTRIC CO., INC. and THOMAS R. BECKWITH (collectively "Plaintiffs"), by and through counsel, submit this unopposed motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65 based on Count 1 of Plaintiffs' Complaint, (Dkt. 1, Compl. at ¶¶144-157), which alleges a violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and for a stay of the proceedings pending the resolution of *EWTN v. Burwell*, Nos. 14-12696, 14-12890, 14-13239 (11th Cir.).

This unopposed motion for preliminary injunctive relief parallels the Supreme Court's *per curiam* decision in *Zubik v. Burwell*, 136 S. Ct. 1557 (2016).

Plaintiffs' legal claims are similar to those advanced by the petitioners in *Zubik* and the plaintiffs in the consolidated appeal *EWTN v. Burwell*, Nos. 14-12696, 14-12890, 14-13239 (11th Cir.). Each case challenges the same federal regulations (here, as applied to a closely-held for profit corporation). The plan year for Plaintiffs' employee benefits plan begins on September 1, 2016. The challenged regulations, therefore, take full effect against Plaintiffs on that date, subjecting Plaintiffs to fines and penalties for non-compliance. 80 Fed. Reg. 41330, (Dkt. 1, Compl. at ¶¶58-59, 83, 89-90).

The Supreme Court in *Zubik* stated:

> Nothing in this opinion, or in the opinions or orders of the courts below, is to affect the ability of the Government to ensure that women covered by petitioners' health plans "obtain without cost, the full range of FDA approved contraceptives. *Wheaton College v. Burwell*, 573 U.S. ___, ___ (2014) (slip op., at 1). Through this litigation, petitioners have made the Government aware of their view that they meet "the requirements for exemption from the contraceptive coverage requirement on religious grounds." *Id.*, at ___ (slip op., at 2). Nothing in this opinion, or in the opinions or orders of the courts below, "precludes the Government from relying on this notice, to the extent it considers it necessary, to facilitate the provision of full contraceptive coverage" going forward. *Ibid*. Because the Government may rely on this notice, the Government may not impose taxed or penalties on petitioners for failure to provide the relevant notice.

*Zubik*, 136 S. Ct. at 1560-61.

The proposed order is consistent with *Zubik*. Upon entry of an order for preliminary injunctive relief, the parties request that this Court stay the proceedings in this case until thirty days after the final resolution of the consolidated appeal in *EWTN v. Burwell* currently pending in the United States Court of Appeals for the Eleventh Circuit. Due to the similar legal issues presented by the instant case and *EWTN*, a final decision on the merits of that pending case will likely affect the legal claims in this case.

WHEREFORE, Plaintiffs respectfully request that the Court grant this unopposed motion and enter the proposed order.

### RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for Defendants on July 6, 2016, July 19, 2016, and July 20, 2016. Plaintiffs are authorized to represent that, in light of the Supreme Court's *per curiam* decision in *Zubik v. Burwell*, the Defendants do not oppose the entry of the attached proposed order pending the resolution of the consolidated appeals in *EWTN v. Burwell* (11th Cir.).

### MEMORANDUM OF LAW

**I.     Plaintiffs' Unopposed Motion for a Preliminary Injunction.**

Plaintiffs request a preliminary injunction pursuant to the United States Supreme Court's *per curiam* decision in *Zubik v. Burwell*, 136 S. Ct. 1557, 1560-61 (2016).

Plaintiffs originally filed suit on March 12, 2013 to challenge the enforcement of cite, the HHS mandate of the Affordable Case Act. (Dkt. 1, Compl. at ¶81). In *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), the Supreme Court struck down the Mandate as applied to closely-held, for profit corporations under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. ("RFRA"), concluding that Mandate failed to pass strict scrutiny because less restrictive alternatives were available. Following *Hobby Lobby*, the Defendants expanded "eligible organizations" to include both nonprofit corporations, as well as for-profit, closely-held corporations, such as Plaintiff Beckwith Electric Co., Inc. 80 Fed. Reg. 41326. Defendants, thereby, created the administrative regulation challenged in this lawsuit, referred to by Plaintiffs as the so-called "accommodation." 80 Fed. Reg. 41330.

The so-called "accommodation," unfortunately, fails to actually accommodate the sincerely held religious beliefs of Plaintiffs who object to authorizing, assisting in, facilitating, or providing the mandated coverage. (Dkt. 1, Compl. at ¶¶84-143); *see also Zubik*, slip op. at 5. However, the so-called accommodation requires Plaintiffs' compliance "beginning on the first day of the first plan year . . . that begins on or after September 14, 2015." 80 Fed. Reg. 41330. For Plaintiffs, compliance with the so-called "accommodation" begins on September 1, 2016. (Dkt. 1, Compl. at ¶¶83, 90).

**A. Plaintiffs' Sincerely Held Religious Beliefs.**

Plaintiff Thomas R. Beckwith is a Southern Baptist who manages his life and his company, Beckwith Electric Co., Inc., under the living God's directions and by God's principles. (Dkt. 1, Compl. at ¶ 18). Therefore, Thomas R. Beckwith's sincerely held religious beliefs disallow him from authorizing, providing, facilitating, participating in, paying for, training others to engage in, or otherwise supporting emergency contraception, abortion, abortifacients, and any drugs, devices, and services that are capable of ending innocent human life. (Dkt. 1, Compl. at ¶ 17, 18).

To comply with Defendants' Mandate, by way of the so-called "accommodation" Plaintiffs must first "contact[] with one or more third party administrators" or "provide[] benefits through one or more group health insurance issuers." 26 C.F.R. § 54.9815-2713A(b)(1)(i), (c)(1). Plaintiffs must then either sign and submit a "self-certification" directly to its third party administrator/health insurance issuer, or sign and submit a "notice" to the Defendants providing detailed information regarding Plaintiffs' plan name and type, including "the name and contract information for any of the plan's [third party

4

administrators] and health insurance issuers." 26 C.F.R. § 54.9815-2713A(a), (b)(1), (c)(1). The effect of either submission is the same. By signing and submitting the form, the eligible organization authorizes the arrangement of "payments for contraceptive services" for beneficiaries enrolled in Plaintiffs' employee benefits plan. 26 C.F.R. § 54.9815-2713A(b)-(c). Thus, when an organization signs and submits the required form or notice—and only when an organization signs and submits the required form or notice—the organization's own insurance company becomes authorized and obligated to provide payments for the contraceptive services to which Plaintiffs hold sincere religious objections. 26 C.F.R. § 54.9815-2713A(b)-(c).

Plaintiffs' sincerely held religious beliefs prohibit them from signing or submitting the required "self-certification" form or the "notification." (Dkt. 1, Compl. at ¶ 98). By signing or submitting either, the Plaintiffs would be authorizing, obligating, and incentivizing their third party administrator to deliver abortifacient and contraceptive coverage to Plaintiffs' plan beneficiaries. (Dkt. 1, Compl. at ¶ 98). Therefore, Plaintiffs' faith forbids them from complying with Defendants' so-called "accommodation," and the challenged regulatory scheme prohibits Plaintiffs from continuing to offer health coverage in a manner consistent with their sincerely held religious beliefs. Plaintiffs' failure to comply with the Defendants' so-called "accommodation" is fined and penalized in the amount of $4,599,000 each year, which totals $12,600 each day. (Dkt. 1, Compl. at ¶ 59), 26 U.S.C. § 4980D(a).

### B. The So-Called "Accommodation" Violates RFRA.

Under RFRA, the Government may only substantially burden the free exercise of religion, if the challenge law: "(1) is in furtherance of a compelling governmental interest;

and (2) is the least restrictive means of furthering that compelling interest." 42 U.S.C. § 2000bb-(1)(a)-(b).

Pursuant to RFRA, "exercise of religion" is defined as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000bb-2(4) (referencing 42 U.S.C. § 2000cc-5(7)(A)).  Plaintiffs' sincerely held religious beliefs are protected by RFRA.  See *Hobby Lobby*, 134 S. Ct. at 2770, 2778; *see also Thomas v. Rev. Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 713, 717-18 (1981) (holding that by denying employment benefits because the employee refused, on religious grounds, to work in a plant that produced armaments, the government imposed a substantial burden on the employee's exercise of religion by "putting substantial pressure on an adherent to modify his behavior and to violate his beliefs," noting that "[w]hile the compulsion may be indirect, the infringement upon free exercise is nonetheless substantial").

Defendants, therefore, must justify the so-called "accommodation" under strict scrutiny. *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418, 430-31 (2006) ("RFRA requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'— the particular claimant whose sincere exercise of religion is being substantially burdened."). Defendants cannot carry this heavy burden.

In *Zubik*, the Supreme Court vacated all of the judgments of the lower courts which held that the "accommodation" did not violate RFRA and remanded the cases to their respective courts of appeals. Moreover, and more specifically for purposes of this motion, the Supreme Court in *per curiam* decision stated:

> Nothing in this opinion, or in the opinions or orders of the courts below, is to affect the ability of the Government to ensure that women covered by petitioners' health plans "obtain without cost, the full range of FDA approved contraceptives. *Wheaton College v. Burwell*, 573 U.S. ___, ___ (2014) (slip op., at 1). Through this litigation, petitioners have made the Government aware of their view that they meet "the requirements for exemption from the contraceptive coverage requirement on religious grounds." *Id.*, at ___ (slip op., at 2). Nothing in this opinion, or in the opinions or orders of the courts below, "precludes the Government from relying on this notice, to the extent it considers it necessary, to facilitate the provision of full contraceptive coverage" going forward. *Ibid*. Because the Government may rely on this notice, the Government may not impose taxed or penalties on petitioners for failure to provide the relevant notice.

*Zubik*, 136 S. Ct. at 1560-61. Plaintiffs' proposed order mirrors the Supreme Court's decision in *Zubik*. Defendants, therefore, do not oppose the relief requested by Plaintiffs in this motion as set forth in the proposed order.

## II. Motion for a Temporary Stay of the Proceedings.

The parties ask this Court to stay all proceedings in this case until thirty days after the final resolution of the consolidated appeals in *EWTN v. Burwell*. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). As stated above in the motion, it is expected that the Eleventh Circuit will be addressing issues substantially similar to those presented in this case. Therefore, even if the Eleventh Circuit's opinion does not entirely dispose of this case, the outcome of the appeal will likely affect the outcome of this litigation.

7

## **CONCLUSION**

The requested injunction will preserve the *status quo*, protect Plaintiffs' sincerely held religious exercise to the extent possible, and not harm the interests of the Defendants or the public. For the foregoing reasons, Plaintiffs respectfully ask this Court to grant their unopposed motion for a preliminary injunction based upon their RFRA claim (Count 1). Furthermore, the Parties ask this Court to enter a stay of the proceedings until thirty days following the final resolution of the consolidated appeal in *EWTN v. Burwell*, Nos. 14-12696, 14-12890, 14-13239 (11th Cir.).

DATED on this the 20th day of July, 2016.

>Respectfully submitted,
>
>ROBERT L. KLUCIK JR., P.A.
>
>/s/ Robert L. Klucik Jr.
>Robert L. Klucik (Fla. Bar No. 652581)
>5072 Annunciation Circle
>Suite 326
>Ave Maria, Florida 34142
>Telephone: (239) 898-4052
>Email: RLK@AveMariaLawyer.com
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 20, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

      ROBERT L. KLUCIK JR., P.A.

      /s/ Robert L. Klucik
      Robert L. Klucik (Fla. Bar No. 652581)